Defendant-appellant Sam C. Tramble appeals his convictions for robbery, falsification, and assault. This Court affirms.
 I.
On February 11, 1996, Brent Kernell, a loss prevention employee at Best Buy, was monitoring the surveillance cameras when he noticed Tramble handling a camera in a suspicious manner. Kernell focused the surveillance camera on Tramble and saw that Tramble was removing the security tags from the camera. Kernell saw Tramble conceal the camera inside his jacket and walk toward the warehouse, where Tramble began checking for empty boxes. Kernell testified that shoplifters often hid stolen merchandise inside empty boxes.
Kernell called the security supervisor, Richard Blanton, and showed him the surveillance video of Tramble. Blanton decided to confront Tramble. When Tramble noticed Blanton approaching, he removed the camera from his jacket and set it on a shelf. Blanton asked Tramble to accompany him to the security desk at the front of the store and Tramble complied. Once at the security desk Tramble attempted to flee, but was eventually caught by Blanton.
Tramble was reported to the police and arrested. After a jury trial, Tramble was convicted of robbery, falsification, and assault. Tramble appeals.
 II.
Tramble's first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO GIVE THE JURY AN INSTRUCTION ON VOLUNTARY ABANDONMENT[.]
R.C. 2923.02, the statute defining the crime of attempt, provides that "[i]t is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose." R.C. 2923.02(D). Tramble argues that he abandoned his attempt to steal the camera by placing the camera back on a merchandise shelf prior to being confronted by Best Buy security personnel. Thus, Tramble claims that the trial court should have given the jury an instruction on abandonment.
However, the Committee Comment to R.C. 2923.02 specifically excludes from that statute "an attempt to commit any offense which in itself is defined as an attempt." Based on this Committee Comment, the court in State v. Busa (Apr. 5, 1990), Cuyahoga App. No. 56784, unreported, rejected a requested jury instruction on abandonment in relation to a charge of felonious assault, concluding that "[a]n attempt to cause physical harm is sufficient to support a charge of felonious assault." Id.
See, also, State v. Johnson (Dec. 20, 1984), Cuyahoga App. No. 48130, unreported (refusing to apply the affirmative defense of abandonment under R.C. 2923.02(D) to the crime of escape as defined by R.C. 2921.34 because the "statute proscribes conduct which constitutes a purposeful 'break or attempt to break' detention").
Tramble was charged with robbery pursuant to R.C. 2911.02(A), which states: "No person, in attempting or committing a theft offense, * * * or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another." (Emphasis added.) Therefore, robbery would not fall under R.C. 2923.02. As such, the abandonment defense provided for by R.C. 2923.02(D) was not available to Tramble. Assignment of error number one is overruled.
 III.
Assignment of error number two states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ALLOWED OFFICER KERSTETTER TO RELATE THE HEARSAY STATEMENTS OF BEST BUY LOSS PREVENTION EMPLOYEES[.]
Tramble complains that James Kerstetter, one of the police officers who responded to the scene, should not have been permitted to testify as follows:
 He [Kernell] advised me that he was working the security camera and that he was using Camera Number 3 and observed a black male subject which would appear to be peeling a sticker or a label off of a camera. And from viewing the tape I observed, and along with what Brent told me, he stuck the camera inside his coat area.
Tramble complains that what Kernell said to Kerstetter was inadmissible hearsay. However, assuming that some error was committed, any such error was harmless. See Crim.R. 52(A). Kernell had already testified as to what he had actually witnessed and the surveillance videotape had already been played for the jury. Therefore, Kerstetter's statements were merely cumulative and had no effect on Tramble's substantial rights. Tramble's second assignment of error is overruled.
 IV.
Tramble's third assignment of error states:
 THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
The appropriate standard of review for a challenge to the weight of the evidence is set forth in State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
Tramble was convicted of robbery in violation of R.C.2911.02(A), which states: "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another." Tramble was also convicted of assault in violation of R.C. 2903.13(A), which states: "No person shall knowingly cause or attempt to cause physical harm to another." Kernell testified that Tramble removed the security tags from a video camera, tucked it in his coat, and attempted to find a box in which to hide the camera. Blanton testified that Tramble set the camera down on a shelf only after being approached by security personnel. Both Kernell and Blanton testified that when Tramble was confronted with the videotape evidence of his actions, he attempted to flee by shoving Kernell out of the way and head-butting Blanton. The videotape of Tramble's actions and photographs of Blanton's injuries were admitted into evidence.
Additionally, Tramble was convicted of falsification in violation of R.C. 2921.13(A), which states:
 No person shall knowingly make a false statement, * * * when any of the following applies:
* * *
 (3) The statement is made with purpose to mislead a public official in performing the public official's official function.
Officer Kerstetter assisted in booking Tramble after Tramble was arrested. Kerstetter testified that Tramble initially claimed his name was "Timothy Carter," but he did not know his social security number. Kerstetter subsequently found a layaway receipt in Tramble's jacket pocket with Tramble's name and a phone number. Kerstetter went into another office and called the phone number. A woman answered the phone and said that Tramble was not there. Just then another call came through the woman's line and the woman put Kerstetter on hold. At that point, Kerstetter noticed that Tramble was using a phone in another office. As soon as Kerstetter was placed on hold, Tramble began talking. Kerstetter hung up the phone and approached Tramble, whereupon Tramble admitted that he was not "Timothy Carter."
This is not one of the exceptional cases in which the jury created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. The evidence against Tramble does not weigh heavily against the convictions. Assignment of error number three is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 --------------------- DONNA J. CARR FOR THE COURT
SLABY, P. J., BAIRD, J. CONCUR.